IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.   1:25-mj-244 (PJE) |
| | ) |
| v. | ) Joint Motion and Order |
| | ) for Enlargement and Exclusion of Time |
| **CONNER BUSKEY,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## JOINT MOTION FOR ENLARGEMENT AND EXCLUSION OF TIME

The United States of America, by and through its counsel of record, the Acting United States Attorney for the Northern District of New York, and the defendant, Conner Buskey, by and through counsel, Paul E. Shelton, hereby agree and stipulate that the time within which an indictment must be filed under 18 U.S.C. § 3161(b), be enlarged to and including sixty (60) days from the date of the signing of this Order and that such time be excluded, pursuant to 18 U.S.C. § 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of 18 U.S.C. § 3161(b).

1)   The chronology of this case is as follows:

   a)   Date of complaint:  August 20, 2025

   b)   Date of arrest and initial appearance:  August 22, 2025

   c)   Defendant custody status: Detained

   d)   Date United States moved for detention:  August 22, 2025

   e)   Date defendant waived time limits on holding detention hearing, subject to being permitted to request a hearing later:  August 22, 2025

   f)   Date of submission of stipulation for enlargement and exclusion of time:  August 29, 2025 (Dkt. 12)

  g)  There have been the following enlargements of time under the Speedy Trial Act: exclusion of time between September 2, 2025 and November 2, 2025 (Dkt. 13)

2)  The United States and the defendant request this exclusion based on the following facts and circumstances:  On August 20, 2025, the defendant was charged in a two-count complaint with violations of 18 U.S.C. § 2252A(a)(2)(A) (receipt and distribution of child pornography) and § 2252A(a)(5)(B) and (b)(2) (possession of child pornography).  The government produced discovery to the defendant on September 9, 2025.  Since that time, defense counsel has reviewed the discovery, including the images and videos that form the basis of the charges, and the government and the defense have been discussing a potential resolution of the matter.  The parties need more time to determine whether a resolution of the matter would be possible, and lead counsel for the defendant has recently changed and requires time to get up to speed on the matter.

3)  The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the failure to grant the extension would unreasonably deny the defendant continuity of counsel and would deny the defense necessary time to be prepared to defend the case, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

4)  The parties stipulate and agree that a period of sixty (60) days, from the date of the signing of this Order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

  The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: November 20, 2025        JOHN A. SARCONE III
                                Acting United States Attorney

                        By:     _____
                                Nicholas Walter
                                Assistant United States Attorney
                                Bar Roll No. 706029


                                /s/
                                _____
                                Paul E. Shelton, Esq.
                                Attorney for Conner Buskey
                                Bar Roll No. 706112

3

**ORDER**

A.	The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.	The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because a failure to grant the continuance would unreasonably deny the defendant continuity of counsel and deny the defense time needed to be prepared to defend this case, taking into account the exercise of due diligence.

BASED ON THE  STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of 18 U.S.C. § 3161(b), be enlarged to and including sixty (60) days from the date of this Order, and that time be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of 18 U.S.C. § 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above. IT IS SO ORDERED.

Dated and entered this _____ day of November, 2025.

                                                           _____
                                                           Hon. Paul J. Evangelista
                                                           U.S. Magistrate Judge